IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN PAUL BLANCO,

    Petitioner,                      No. 2:10-cv-2695 DAD (HC)

    vs.

MICHAEL MCDONALD,            ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

        /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges an addition of four points to his classification score as part of a prison disciplinary conviction, contending that he was previously assessed six additional points to his classification score as a result of the same events. Relying on the due process clause of the Fourteenth Amendment, petitioner claims that this violates his federal constitutional rights because it is a second punishment for the same offense.

1   Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. Wolff v. McDonnell, 418 U.S. 539, 564-571, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. Id.

These healthy procedural protections, however, adhere only when the disciplinary action implicates a protected liberty interest in some "unexpected matter" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); see also Ramirez v. Galaza, 334 F.3d 850, 860 (2003) ("If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process.") (citations omitted). The Supreme Court has identified few protected liberty interests. See, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (identifying the freedom from transfer to a mental hospital as a protected liberty interest); Washington v. Harper, 494 U.S. 210, 221 222, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (identifying the freedom from the involuntary administration of psychotropic drugs as a protected liberty interest).

Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003). An inmate has no constitutional right to a particular classification score. See Moody v. Daggett, 429 U.S. 78, 87 n.9 (1976). Thus, petitioner has no cognizable due process claim arising from the addition of four points to his classification score. Nor does the federal double jeopardy clause apply to prison disciplinary proceedings; prison disciplinary sanctions "are not punishment for purposes of double jeopardy because they are solely remedial." United States v. Brown, 59 F.3d 102, 104 (9th Cir. 1995).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth supra, petitioner is not entitled to relief in this court. Accordingly, the petition should be summarily dismissed

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Docket No. 2 ), is granted;

2. The Clerk of the Court is directed to assign this action to a United States District Judge; and

IT IS HEREBY RECOMMENDED that this action be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:hg
blan2695.156